**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Civil Action No. 26-cv-4487 |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Playboy Enterprises International, Inc. ("Plaintiff") respectfully submits this application to file under seal the following documents associated with the above-referenced action until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1) Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace stores (hereinafter the "Seller Aliases") and the associated online marketplace websites for the Seller Aliases,

(2) Plaintiff's unredacted version of the Complaint,

(3) Exhibit 2 showing Seller Aliases' infringement, and

(4) Exhibit 1 to Mu Declaration showing Plaintiff's efforts to verify Defendants' addresses.

Plaintiff filed the redacted public-record version of the documents and has provisionally filed the documents electronically under seal, contemporaneously with the filing of this motion.

1

Case 1:26-cv-04487-JGK    Document 9    Filed 05/29/26    Page 2 of 4

In this action, Plaintiff is requesting *ex parte* relief based on claims for trademark counterfeiting and infringement. Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power and ability to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal this document.

The Second Circuit has noted that "notice all too often appears to serve only to render fruitless further prosecution of the action." *In re: Vuitton et Fils S.A.*, 606 F.2d 1, 4-5 (2d Cir. 1979). Affording a defendant time to destroy evidence, hide assets, and effectively make a getaway "is precisely contrary to the normal and intended rule of notice." *In re: Vuitton et Fils S.A.*, 606 F.2d at 5. In enacting the Trademark Counterfeiting Act of 1984, which allows trademark plaintiffs to move for sealed, *ex parte* seizure orders, *see* 15 U.S.C. § 1116(d)(8), Congress established "that many of those who deal in counterfeits make it a practice to destroy or transfer counterfeit merchandise when a day in court is on the horizon." Joint Statement on Trademark Counterfeiting Legislation, Part G, 130 Cong. Rec. at H12076, H12078 (daily ed. Oct. 10, 1984). To that end, Congress concluded that keeping counterfeiters in the dark regarding pending legal action was necessary "to thwart the bad faith efforts of fly by night defendants to evade the jurisdiction of the court." *Id.*

Plaintiff recognizes and acknowledges the importance of public access to court records. However, Plaintiff's ability to preserve its intellectual property rights increasingly necessitates that

the targets of its anti-counterfeiting efforts remain unaware that they are the subject of anti-counterfeiting measures until the latest possible moment in the process. To that end, Plaintiff seeks a temporary seal over this matter until the Court has ruled upon Plaintiff's *ex parte* motion and, if granted, until Plaintiff has served the TRO upon Defendants and the Seller Aliases and Financial Institutions that they use to conduct their illegal business. Plaintiff anticipates this will take no more than thirty (30) days from the date of filing, subject to the Court's schedule. A temporary seal is a narrowly tailored remedy that will effectively and appropriately balance the public's right of access to court records with Plaintiff's right to protect its valuable intellectual property interests, ensure that Plaintiff's efforts to assert its trademark rights will not be in vain, and prevent Defendants from abusing the public availability of court records to aid their efforts to remove evidence and assets from the jurisdiction of this Court.

Therefore, Plaintiff respectfully requests that the Court grant Plaintiff leave to file under seal its unredacted Complaint, Schedule A, Exhibit 2 to Complaint, and Exhibit 1 to the Mu Declaration. *See, e.g., Wowwee Group Ltd. et al v. Meirly, et al,* No. 1:18-cv-00706 Document # 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. _GB Housewear Store, et al.* No. 1:17-cv-07596 Document #22 (S.D.N.Y. Oct. 12, 2017) (same); *Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al* No. 1:17-cv-07422 Document #19 (S.D.N.Y. Oct. 13, 2017) (same); *Kipling Apparel Corp. et al v. Rhys, et al* No. 16-cv-990 Document #14 (S.D.N.Y. Feb. 17, 2016) (same).

Dated: May 29, 2026

Respectfully submitted,

*/s/ Keaton Smith*
Keaton Smith
NY No. 6315600
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY, 10019
Telephone: (872) 294-3799
Email: ksmith@whitewoodlaw.com

*Counsel for Plaintiff*

APPLICATION GRANTED
SO ORDERED

_____
John G. Koeltl, U.S.D.J.

6/5/26