UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLAYBOY ENTERPRISES
INTERNATIONAL, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

      Defendants.

Civil Action No. 26-cv-04487

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

The Court has considered Plaintiff's application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion to Show Cause") and the oral arguments made at the hearing. Based on the papers and *and all of the submissions* ~~other evidence~~ submitted in support of the Motion to Show Cause, *and all of the evidence in support of the temporary restraining order,* and for good cause shown; *and there being no opposition,*

1. Plaintiff is likely to prevail on its trademark infringement claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries:

    a. Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's trademarks, including Plaintiff's U.S. Trademark Registration Nos. 4871282; 5997751; 791734; 1040491; 1320822; 2469441; 2632523; 2978139; 3140250; 3406607; 3624653; 3959511; 4280121; 4560637; 4886163; 4973564; 5138230; 5182173; 5210800; 5392230; 5423595; 5938488; 6042869; 6901231; 4495246; 2663899; 4983730; 3194099;

1

3624654; 2802023; 2177521; 3406608; 5482507; 4280122; 2848639; 759207; 5938489; 3963330; 5530694; 791333; 3308169; 2666917; 6004261; 1058294; 728889; 784504; 5350998; 5301904; 984548; 1908471; 3332339; 6504260; 4316000; 5317383  (collectively, the "PLAYBOY Marks"), in connection with the systematic advertisement, distribution, offering for sale, and sale of infringing products (the "Infringing Products") into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms held by Defendants (the "User Account(s)").

b.  Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to the PLAYBOY Marks.

3.     On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with the PLAYBOY Marks if a preliminary injunction order is not issued.

4.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.

### ORDER

The injunctive relief previously granted in the Temporary Restraining Order shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of

Civil Procedure 65 and 15 U.S.C. § 1116(a). Based on the foregoing, Plaintiff's Motion to Show Cause is hereby **GRANTED** and it is **ORDERED** as follows:

1.      As sufficient causes have been shown, Defendants are hereby enjoined and restrained from engaging in any of the following conduct during the pendency of this action or until further order of the Court:

a.      manufacturing, importing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b.      manufacturing, importing, advertising, offering for sale, selling, reproducing, or distributing any goods utilizing the PLAYBOY Marks, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c.      destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d.      using the PLAYBOY Marks on or in connection with any Seller Alias that any Defendant may own, operate, or control on any online marketplace platform, including but not limited to Amazon, Walmart, Temu, and any stand-alone e-commerce website;

e.      any and all use of the PLAYBOY Marks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serve to

direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any marketplace;

f. altering, disabling, closing, or transferring ownership of any Seller Alias on any marketplace during the pendency of this action, or until further Order of the Court.

### Asset Restraint

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a. within five (5) days of receipt of service of this Order, Financial Institutions (i) Amazon.com, Inc. ("Amazon"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) Ping Pong Global Solutions, Inc. ("Ping Pong"), (v) Coinbase Global, Inc. ("Coinbase"), (vi) Walmart, Inc. ("Walmart"), (vii) Whaleco Inc. ("Temu"), and (viii) Shopify Inc. d/b/a Shop Pay ("Shop Pay") (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets"), and shall locate, attach, and restrain the transfer or disposal of monies, funds, or assets from Defendants' Accounts and Defendants' Assets until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

### Expedited Discovery

3. As sufficient cause has been shown, the expedited discovery order previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

4

a.    within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control): (i) identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution; (ii) any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint, which shall also be attached hereto; and (iii) information concerning any of Defendants' Accounts or Defendants' Assets, including any and all related, connected, or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4.    As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a.    Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York, and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

### Service by Electronic Mail and/or Electronic Publication

5.    Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, service of this Order and the Summons and Complaint may be made on and shall be deemed effective as to Defendants and third parties if it is completed by the following means:

    a.    Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; and (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in this action by Plaintiff (the "Link"), to Defendants' e-mail addresses as provided by the Financial Institutions, and/or via the messaging systems of the applicable online marketplace platforms.

### Security Bond

6.    The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

### Application to Vacate or Dissolve

7.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

June 29, 2026.
4:29 P.M.

_____
John G. Koeltl, U.S.D.J.
UNITED STATES DISTRICT JUDGE

6

## SCHEDULE A

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | cosplaymade | Stand Alone | cosplaymade.us |
| 2 | finegina | Stand Alone | finegina.com |
| 3 | gcosplay | Stand Alone | gcosplay.com |
| 4 | OVERKILL | Stand Alone | overkillshop.com |
| 5 | EmbroiderybyDilys | Amazon | A1HLGLMO32SGQL |
| 6 | PEACE JOY | Amazon | A3M7NGGPFRVXIL |
| 7 | SENJIY | Amazon | A3CPC3YUVYQUVU |
| 8 | Circleprints | Walmart | 102506716 |
| 9 | HANDMADE HAVEN COMPANY | Walmart | 102721621 |
| 10 | leiliang | Walmart | 102495526 |
| 11 | MakeMeBlush | Walmart | 102719958 |
| 12 | QualityKingHub | Walmart | 102666991 |
| 13 | zeyasen | Walmart | 102592039 |
| 14 | Aeeiuo | Temu | 634418219953192 |
| 15 | Atopos Serendipity | Temu | 634418220783693 |
| 16 | Awdzynw | Temu | 634418218574109 |
| 17 | Boqutte Ashely Shop | Temu | 634418221062550 |
| 18 | CFFH | Temu | 634418219230839 |
| 19 | Chixiao | Temu | 634418222009055 |
| 20 | CHSTUDIO | Temu | 634418215594590 |
| 21 | Cool Men Clothings | Temu | 634418219231107 |
| 22 | Decoration Art local | Temu | 634418219532205 |
| 23 | FRATPMO | Temu | 63441819346560 |
| 24 | Funny Girly | Temu | 634418216031480 |
| 25 | Kbxahli | Temu | 634418218313079 |
| 26 | LilyLucky | Temu | 634418219844596 |
| 27 | MA MarvelousMall | Temu | 634418221419922 |
| 28 | Mcolgsd | Temu | 634418218731489 |
| 29 | Mwuxnec | Temu | 634418218574873 |
| 30 | Nmewlwk | Temu | 634418218502532 |
| 31 | Nzoxerj | Temu | 634418219339693 |
| 32 | ONRTEY | Temu | 634418217583789 |
| 33 | Puripzt | Temu | 634418218572321 |
| 34 | Smpsdbo | Temu | 634418219194442 |
| 35 | SPAJSLX | Temu | 634418219539420 |
| 36 | SYMOZTU | Temu | 634418218750708 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 37 | Tee Art | Temu | 634418219095538 |
| 38 | Tktwrmo | Temu | 634418218575005 |
| 39 | Vnnmiu | Temu | 634418219192542 |
| 40 | VOFNNMY | Temu | 634418219345645 |
| 41 | WH BIG GIRLS | Temu | 429188344753 |
| 42 | WSDEE | Temu | 634418222551267 |
| 43 | Xfggsvi | Temu | 634418219340428 |
| 44 | XZjIteH | Temu | 634418219556708 |
| 45 | YINGBI | Temu | 634418221270537 |
| 46 | Ztvculb | Temu | 634418218484790 |